IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM CLARK, THOMAS FIGURES and DR. JOE L. REED, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOVERNOR BOB RILEY, in his official )<br>capacity, and ELTON DEAN, in his official )<br>capacity as Chair of the Board of Trustees )<br>of Alabama State University, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:07cv190-WKW<br><br>From the Circuit Court of<br>Montgomery County, Alabama<br>Case No. 03-CV-2007-900076.00 |

**NOTICE OF REMOVAL**

COME NOW Defendants Governor Bob Riley and Elton Dean (collectively "the Defendants"), by and through their respective counsel of record and, in filing this Notice of Removal, state and allege as follows:

1. Governor Riley and Elton Dean are the only defendants in a civil action brought by Plaintiffs William Clark, Thomas Figures, and Dr. Joe Reed in the Circuit Court of Montgomery County. See Plaintiffs' Complaint, attached as Exhibit A. In their Complaint, these Plaintiffs have asserted a claim under 42 U.S.C. § 1983 for alleged violations of their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (See Complaint at ¶¶ 1, 10-13).

2. Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, the Defendants hereby remove this action to the United States District Court for the Middle District of Alabama, Northern Division, which is the judicial district and division where this action is pending.

3.  The Defendants in this action are jointly and unanimously filing this Notice of Removal. See 42 U.S.C. § 1444, see also Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001); In re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993). There are no additional nominal parties identified in the Complaint whose consent is necessary and/or required for the removal of this action. See id.

4.  The federal question jurisdiction vested in this Court is evident "upon the face of the complaint." Gully v. First National Bank, 299 U.S. 109, 113, 57 S. Ct. 96, 98 (1936). Removal is proper pursuant to 28 U.S.C. § 1441(b)[1] because this Court has original federal question jurisdiction over the Plaintiffs' Fourteenth Amendment claims under 28 U.S.C. § 1331[2] and 28 U.S.C. § 1343(a)(3)[3]. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 2366 (2005); see also Fair Assessment in Real Estate Ass'n. Inc. v. McNary, 454 U.S. 100, 123, 102 S. Ct. 177, 189-90 (1981) (holding that, "§ 1983 gave a federal cause of action to prisoners, taxpayers, or anyone else who was able to prove that his constitutional or federal rights had been denied by any State ... [and] Congress has expressly provided jurisdiction over such claims in the district courts." (other citations and internal quotations omitted)).

---

[1] 28 U.S.C. § 1441(b) dictates that removal is proper of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

[2] 28 U.S.C. § 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] 28 U.S.C. § 1343(a)(3) grants district courts original jurisdiction over claims "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity."

5.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), because the Defendants first received a copy of the Summons and Complaint via facsimile on or about February 2, 2007. This Notice of Removal is filed within thirty (30) days after such receipt of the Summons and Complaint and within one year of the commencement of the action.

6.  The Summons and Complaint attached as Exhibit A constitutes "a copy of all process, pleadings, and orders served upon such defendant or defendants in [this] action." 28 U.S.C. § 1446(a). There are presently no other pleadings or orders in the file of the state court action.

7.  All fees required by law in connection with this Notice of Removal have been paid by the Defendants.

8.  A copy of this Notice of Removal will promptly be filed with the Circuit Court of Montgomery County, Alabama, as required by 28 U.S.C. § 1446(d). Likewise, a copy of this Notice of Removal shall be served upon counsel for all the Plaintiffs.

9.  Defendants respectfully request that this Court, pursuant to the authority granted it in both 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c), exercise its supplemental jurisdiction over any state law claims asserted by Plaintiffs. Based upon the allegations in the Complaint, the Plaintiffs' claims under § 1983 and their claims concerning Ala. Code § 16-50-20 are "so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, it is manifest that the maintenance of one action addressing all the Plaintiffs' claims will best serve the interests of the parties, promote judicial economy, and avoid the duplication of efforts by the parties.

WHEREFORE, the Defendants hereby remove the above-captioned action now pending in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

_____
Kenneth D. Wallis, II (WAL064)
Chief Legal Advisor
Office of the Governor

_____
Scott L. Rouse (ROU010)
Deputy Legal Advisor
Office of the Governor

**ADDRESS OF COUNSEL:**

Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama 36130
(334) 242-7120 Phone
(334) 242-2335 Fax

_____
Kenneth L. Thomas (THO043)
Attorney for Defendant Elton Dean

_____
Christopher K. Whitehead (WHI105)
Attorney for Defendant Elton Dean

4

**ADDRESS OF COUNSEL:**

Thomas, Means, Gillis & Seay, P.C.
P. O. Drawer 5058
Montgomery, AL 36103-5058
(334) 270-1033 Phone
(334) 260-9396 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March 2007, I did serve a copy of the foregoing on counsel for the Plaintiffs, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.
The Gardner Firm, P.C.
P.O. Box 3103
Mobile, Alabama 36602

John B. Crawley, Esq.
8115 Amber Street
Montgomery, Alabama 36117

_____
Scott L. Rouse (ROU010)
Deputy Legal Advisor
Office of the Governor

**ADDRESS OF COUNSEL:**

Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama 36130
(334) 242-7120 Phone
(334) 242-2335 Fax

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>03-CV-2007-900076.00 |
|---|---|---|

IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
WILLIAM CLARK v. HON. BOB RILEY, GOVERNOR

*Mtg., AL*

NOTICE TO  HON. BOB RILEY, GOVERNOR, STATE OF ALABAMA, STATE CAPITOL 600 DEXTER AVENUE,

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY JESSE GARDNER
WHOSE ADDRESS IS P. O. BOX 3103, MOBILE AL, 36652

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
  pursuant to the Alabama Rules of the Civil Procedure

2/2/2007 1:33:21 PM              /s MELISSA RITTENOUR
Date                             Clerk/Register                               By

☐ Certified mail is hereby requested
                                 Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
  _____ in _____ County, Alabama on _____

Date                             Server's Signature



FEB 2007
RECEIVED
Governor's Legal
Offices



**AlaFile E-Notice**

03-CV-2007-900076.00

To:  HON. BOB RILEY, GOVERNOR
     STATE OF ALABAMA, STATE CAPITOL
     600 DEXTER AVENUE
     MONTGOMERY, AL 36130

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**WILLIAM CLARK ET AL v. HON. BOB RILEY, GOVERNOR ET AL**
03-CV-2007-900076.00

The following complaint was FILED on 2/2/2007 1:33:21 PM

Notice Date:    2/2/2007 1:33:21 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**03-CV-2007-900076.00**<br>Date of Filing:                    Judge Code:<br>02/02/2007 |

## GENERAL INFORMATION

IN THE CIRCUIT OF MONTGOMERY COUNTY, ALABAMA
WILLIAM CLARK ET AL v. HON. BOB RILEY, GOVERNOR ET AL

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☐ Business  ☐ Individual
                    ☐ Government ☐ Other                                ☑ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

           R ☐ REMANDED            T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT  _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**    ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   GAR039          2/2/2007 1:30:48 PM             /s JESSE GARDNER

**MEDIATION REQUESTED:**       ☐ Yes  ☐ No   ☑ Undecided


ELECTRONICALLY FILED
2/2/2007 1:32 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

WILLIAM CLARK, THOMAS FIGURES and )
DR. JOE L. REED, )
                     Plaintiffs )
                      )
vs. ) CASE NO. _____
                      )
GOVERNOR BOB RILEY, in his official )
capacity, and ELTON DEAN, in his official )
capacity as Chair of the Board )
of Trustees of Alabama State University, )
                      )
                     Defendants. )

## **COMPLAINT**

1. This is an action under 42 U.S.C. § 1983 and state law, including but not limited to Ala. Code § 6-6-220 et seq., to obtain declaratory and injunctive relief. This Court has jurisdiction, and venue is proper in this Circuit.

2. Plaintiff William Clark is an alumnus of Alabama State University ("ASU"). Plaintiffs Thomas Figures and Dr. Joe Reed are also alumni of ASU and are members of the Board of Trustees of ASU.

3. Defendant Riley, sued in his official capacity, is the Governor of the State of Alabama and as such has the power to appoint members of the Board of Trustees of ASU when vacancies occur. Defendant Elton Dean, sued in his official capacity, is the Chair of the Board of ASU.

4. Ala. Code § 16-50-20(a) provides, in pertinent part, "No member [of the Board

of Trustees of ASU] shall serve past September 30 following his seventieth birthday."

5  Ala. Code § 16-50-20(b) provides, in pertinent part, "No trustee who is serving on the said board on April 30, 1986, shall lose his or her seat because of this section ..."

6. Plaintiff Reed will reach his seventieth birthday on September 13, 2008. He was serving on the Board on, and prior to, April 30, 1986. His current term as a member of the Board extends into 2011.

7. Plaintiff Figures will reach his seventieth birthday on August 6, 2014. His current term as a member of the Board expires earlier in that same year. The constitutionality and enforceability of the age limitation in § 16-50-20(a) will directly impact the likelihood of his being reappointed for a subsequent term.

8. Plaintiffs allege, on information and belief, that Defendant Riley takes the position that the age limitation in § 16-50-20(a) is constitutional and enforceable, that (despite § 16-50-20(b)) it applies even to those who were serving on the Board on April 30, 1986, and that the operation of the statute will create vacancies on the Board that he will be entitled to fill by appointment. Plaintiffs further allege that both Defendants are proper parties in order to obtain full relief.

## COUNT ONE: INTERPRETATION OF § 16-50-20(B)

2

9. Plaintiffs seek declaratory relief, declaring that the age limitation of § 16-5020(a) is not applicable to those, like Plaintiff Reed, who were serving on the Board on April 30, 1986. Plaintiffs seek a declaration that this is the meaning of § 16-50-20(b). Plaintiffs seek an order declaring that Plaintiff Reed continue to serve the remainder of his term even after September 30, 2008; declaring that there shall be no vacancy on the Board to be filled by gubernatorial appointment, by virtue of their having reached the age of 70; declaring that the Chair has the obligation to continue to recognize Plaintiff Reed's status as a Board member after September 30, 2008; and requiring defendants to recognize Plaintiff Reed's status as a Board member after that date. Plaintiffs seek an order that this interpretation of the statute applies not only to Plaintiff Reed but to any other Board members who were serving on the Board on April 30, 1986. Plaintiffs further seek an award of attorneys' fees and expenses, and such other relief as may be appropriate.

## COUNT TWO: CONSTITUTIONAL CLAIM

10. Plaintiffs contend that the age limitation of Ala. Code § 16-50-20(a) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. That portion of the statute cannot constitutionally be applied to force Plaintiff Reed from the Board on the September 30 following his seventieth birthday, even if (despite Count One above) the age limitation portion of the statute applies to those

serving on the Board as of April 30, 1986. Furthermore, that portion of the statute is a violation of Plaintiff Figures' Equal Protection rights.

11. The quoted portion of Ala. Code, § 16-50-20(a) discriminates on the basis of age, as there is no rational basis for the age classification. This lack of any rational basis for the age classification is demonstrated by the fact that no other statute governing any Alabama public college or university has such a provision.

12. In addition, the quoted portion of Ala. Code, § 16-50-20(a) discriminates against over-seventy Board members at ASU as compared to over-seventy Board members of other Alabama public colleges and universities. There is no rational basis for ejecting ASU Board members at age 70 while allowing other schools' Board members to continue to serve past that age.

13. Plaintiffs seek declaratory and injunctive relief, declaring that the age limitation of Ala. Code § 16-50-20(a) is void and unenforceable because it violates the Equal Protection Clause of the United States; declaring that Plaintiff Reed may continue to serve the remainder of his term even after September 30, 2008; declaring that there shall be no vacancy on the Board to be filled by gubernatorial appointment, by virtue of his (or any other trustee's) having reached the age of 70; declaring that the Chair has the obligation to continue to recognize Plaintiff Reed's status as a Board member after September 30, 2008; requiring defendants to recognize Plaintiff Reed's status as a Board

member after that date; declaring that the age limitation cannot constitutionally be applied to Plaintiff Figures should he be reappointed to another term; awarding attorneys' fees and expenses; and granting such other relief as may be appropriate.

14. A copy of this Complaint has been served on the Attorney General of the State of Alabama.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

s/J. Cecil Gardner
J. Cecil Gardner (GAR039)
M. Vance McCrary (MCC134)
THE GARDNER FIRM, P. C.
P. O. Box 3103
Mobile, Alabama 36602
Telephone: (251) 433-8100
Fax: (251) 433-8181
E-mail: cgardner@gmlegal.com
         mvancemccrary@gmlegal.com

John B. Crawley, Esq.
8115 Amber Street
Montgomery, AL 36117
Telephone (334) 277-9045 or (334) 546-9045
CRA006
E-mail: jbcsjc@charter.net

5

6

**CERTIFICATE OF NOTICE** I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court.

I also certify that I notified each of the following of the filing of this complaint and provided him with a copy of the complaint by fax and by first class mail. Service will be perfected in accordance with Alabama Rules of Civil Procedure.

Hon. Bob Riley
Governor, State of Alabama
State Capitol
600 Dexter Avenue
Montgomery, AL 36130
334-242-7100
Fax: 334-353-0004

Hon. Bob Riley
Governor, State of Alabama
c/o Hon. Troy King
Office of the Attorney General
Alabama State House
11 South Union Street, Third Floor
Montgomery, AL 36130
334-242-7300
fax 334-353-8440

Mr. Elton Dean
Chairman of the Board of Trustees
Alabama State University
3550 Audubon Road
Montgomery, AL 361111
334-281-6699
Fax 334-613-8118

s/J. Cecil Gardner

J. CECIL GARDNER

Please serve the Defendants
by personal service by the sheriff as follows:

Hon. Bob Riley
Governor, State of Alabama
State Capitol
600 Dexter Avenue
Montgomery, AL 36130

Hon. Bob Riley
Governor, State of Alabama
c/o Hon. Troy King
Office of the Attorney General
Alabama State House
11 South Union Street, Third Floor
Montgomery, AL 36130

Mr. Elton Dean
Chairman of the Board of Trustees
Alabama State University
3550 Audubon Road
Montgomery, AL 361111

8

ELECTRONICALLY FILED
2/2/2007 1:32 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

| State of Alabama Unified Judicial System  Form C-34  Rev 6/88 | SUMMONS - CIVIL - | Case Number |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____MONTGOMERY_____ COUNTY

**Plaintiff**  William Clark, Thomas Figures & Dr. Joe Reed    v. **Defendant**  Hon. Bob Riley, Hon. Bob Riley c/o Hon. Troy King and Mr. Elton Dean

**NOTICE TO** Hon. Bob Riley Governor, State of Alabama State Capitol 600 Dexter Avenue Montgomery, AL 36130

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY  J. CECIL GARDNER AND M. VANCE McCRARY  WHOSE ADDRESS IS  1119 GOVERNMENT STREET, MOBILE, ALABAMA 36604

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  30  DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____    By: _____
                                    Clerk/Register

☐ Certified Mail is hereby requested.    _____
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____    Server's Signature _____

Address of Server _____    Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>- CIVIL - | Case Number |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____MONTGOMERY_____ COUNTY

**Plaintiff** William Clark, Thomas Figures & Dr. Joe Reed    **v. Defendant** Hon. Bob Riley, Hon. Bob Riley c/o Hon. Troy King and Mr. Elton Dean

**NOTICE TO** Hon. Bob Riley Governor, State of Alabama c/o Hon. Troy King Office of the Attorney General Alabama State House 11 South Union Street, Third Floor Montgomery, AL 36130

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____J. CECIL GARDNER AND M. VANCE McCRARY_____ WHOSE ADDRESS IS _____1119 GOVERNMENT STREET, MOBILE, ALABAMA 36604_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____    By: _____
    Clerk/Register

☐ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

_____    _____
Date    Server's Signature

_____    _____
Address of Server    Type of Process Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____MONTGOMERY_____ COUNTY

Plaintiff  William Clark, Thomas Figures  v. Defendant  Hon. Bob Riley, Hon. Bob Riley
& Dr. Joe Reed                                         c/o Hon. Troy King and
                                                       Mr. Elton Dean

NOTICE TO  Mr. Elton Dean  Chairman of the Board of Trustees  Alabama State University  3550 Audubon Road  Montgomery, AL 361111

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY  J. CECIL GARDNER AND M. VANCE McCRARY  WHOSE ADDRESS IS  1119 GOVERNMENT STREET, MOBILE, ALABAMA 36604

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  30  DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____   _____  By: ____
                             Clerk/Register

☐ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                    (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____
                                                                                                                      (Date)

Date _____        Server's Signature _____

Address of Server _____   Type of Process Server _____