**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| WILLIAM CLARK, THOMAS FIGURES ) <br> and DR. JOE L. REED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GOVERNOR BOB RILEY, in his official ) <br> capacity, and ELTON DEAN, in his official ) <br> capacity as Chair of the Board of Trustees ) <br> of Alabama State University, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 2:07-CV-190-WKW <br><br> Removed from the Circuit Court <br> of Montgomery County, Alabama <br> Case No. 03-CV-2007-900076.00 |

_____

**DEFENDANTS' BRIEF SUPPORTING JOINT MOTION TO DISMISS**
_____

COME NOW Defendants Governor Bob Riley and Elton Dean (collectively "the Defendants"), by and through their respective counsel of record, and submit the following memorandum brief in support of their Joint Motion to Dismiss:

STATEMENT OF THE CASE

1. The Plaintiffs filed their Complaint in this action on February 2, 2007, in the Circuit Court of Montgomery County, Alabama.

2. In their Complaint, the Plaintiffs assert a claim for declaratory relief regarding section 16-15-20 of the Code of Alabama. They also assert a claim under 42 U.S.C. § 1983, alleging that section 16-15-20 of the Code of Alabama violates the Equal Protection Clause of the Fourteenth Amendment.

3. On March 2, 2007, the Defendants removed the case to the United States District Court for the Middle District of Alabama on the basis of federal- question jurisdiction.

STANDARD OF REVIEW

The appropriate standard for deciding a motion to dismiss is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45- 46 (1957). All facts set forth in the complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto. GSW, Inc. v. Long County, Georgia, 999 F.2d 1508, 1510 (11th Cir. 1993). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (additional citations omitted).

ARGUMENT

I. **PLAINTIFFS WILLIAM CLARK AND THOMAS FIGURES LACK STANDING TO SUE.**

In the Complaint, Plaintiff William Clark ("Clark") alleges simply that he is an alumnus of Alabama State University ("ASU"). See Complaint at ¶ 2. However, at no point in the Complaint does Clark ever allege that he will suffer a discernible injury as a result of the application of section 16-50-20(a) of the Code of Alabama. Plaintiff Thomas Figures ("Figures") alleges in the Complaint that he is both an alumnus of ASU and a member of the Board of Trustees of ASU ("The Board"). See Complaint at ¶ 2. Figures further alleges in the Complaint that he will not reach age 70 until the year 2014, and he also admits that his current term will expire prior to his reaching age 70. See Complaint at ¶ 7. As to the redress of any alleged injury to Figures, the Complaint simply requests an injunction declaring that the age limitation mandated by section 16-

50-20(a) cannot be applied to Figures "should he be reappointed to another term." See Complaint at ¶ 13.

In Vermont Agency of Nat. Resources v. U.S. ex. Rel. Stevens, 529 U.S. 765 (2000), the Supreme Court held that a plaintiff must meet three requirements in order to establish standing under Article III. The Court identified these requirements as:

> First, he must demonstrate "injury in fact" – a harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). Second, he must establish causation – a "fairly . . . trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant. Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41 (1976). And third, he must demonstrate redressability – a "substantial likelihood" that the requested relief will remedy the alleged injury in fact. Id., at 45. These requirements together constitute the "irreducible constitutional minimum" of standing, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), which is an "essential and unchanging part" of Article III's case-or-controversy requirement, ibid., and a key factor in dividing the power of government between the courts and the two political branches.

529 U.S. at 771 (some citations omitted). Clark lacks standing to pursue this action because he cannot demonstrate any injury that he would receive from the application of section 16-50-20(a). Clark simply alleges that he is an alumnus of ASU; he is not even a member of the Board. Therefore, section 16-50-20(a) of the Code of Alabama does not affect him in any way. Accordingly, his claims are due to be dismissed.

Figures lacks standing to pursue his claims in this action as well. Although Figures alleges that he is a member of the Board, he admits that his term will expire before he reaches his seventieth birthday. Accordingly, Figures acknowledges that he would have to be reappointed to another term by whoever is the Governor of Alabama in the year 2014 before the age limitation of section 16-50-20(a) could even become

3

applicable to him.  Figures cannot predict with any certainty who the Governor will be in the year 2014, much less whether this unknown Governor would actually reappoint him to another term.  Simply put, Figures cannot demonstrate an injury that is "actual or imminent."  Rather, the injuries that he alleges based upon his speculative reappointment to the Board are simply "conjectural or hypothetical."

Figures also cannot establish standing based simply upon his status as a member the Board.  In Ex Parte Richardson, ___ So. 2d ___, 2006 WL 3239812 (Ala. 2006), Dwight Carlisle, a member of the Auburn University Board of Trustees, sought a declaratory judgment regarding the term lengths of some of his fellow trustees.  However, Carlisle did not allege that the controversy he sought to have resolved actually affected his own term as a trustee.  Instead, Carlisle argued that he had standing due to his status as a member of the Auburn University Board of Trustees.  Id. at *5.  The Alabama Supreme Court, however,  rejected Carlisle's argument, holding that he could not establish standing due to his inability to demonstrate an actual injury.  Id. at *6.  Figures likewise cannot demonstrate an actual injury in this case.  Accordingly, his claims are due to be dismissed for lack of standing.

    II.    **THE CLAIMS OF PLAINTIFF THOMAS FIGURES ARE NOT RIPE FOR JUDICIAL REVIEW.**

Even if Figures could demonstrate that the conjectural injuries he alleges entitle him to standing, his claims are still be due to be dismissed because such claims are not ripe for judicial review.  Regarding the applicability of the ripeness doctrine in challenges to statutes, the Eleventh Circuit held in Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999), as follows:

4

> As a part of the 'case or controversy' requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute. See O'Shea v. Littlejohn, 414 U.S. 488, 494 (1974). Essentially, the ripeness requirement 'prevents the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements.' Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967). The ripeness requirement prevents courts from interfering with legislative enactments before it is necessary to do so, and enhances judicial decision-making by ensuring that cases present courts with an adequate record for effective review. Id.

195 F.3d at 1289-90.

Figures's claims are not ripe for adjudication because the age restriction imposed by section 16-50-20(a) could not possibly affect Figures for another *seven years*. Moreover, as argued above, Figures's argument presumes that whoever the Governor of Alabama will be in 2014 would even consider reappointing him to the Board, regardless of his age at that time. In short, Figures's claims are simply premature. He has plainly suffered no injury, nor is he in "immediate danger" of suffering an injury.

A similar case decided by the Second Circuit was Auerbach v. Bd. of Educ. of the Harborfields Cent. Sch. Dist. of Greenlawn, 136 F.3d 104 (2nd Cir. 1998). In Auerbach, several school teachers brought an action against the school district, alleging that the district's early retirement incentive plan violated the Age Discrimination in Employment Act, codified at 29 U.S.C. § 621. Six of the teachers who were plaintiffs in the case had not yet retired at the time the suit was brought. Id. at 108. The court found that these teachers' claims were not yet ripe for review, because they had not retired and therefore had yet to suffer an injury. In upholding the trial court's dismissal of the claims based on the lack of ripeness, the Second Circuit held:

> The injury alleged by the six teachers employed by the school district at the time of the commencement of this litigation was entirely speculative. When this action was initiated, these teachers had not yet retired and consequently, had not been denied any incentive benefits paid to their younger colleagues under the retirement plan. That is to say, they had suffered no injury in fact. These teachers maintained that *if* they retired while the current labor agreement was in effect, they would not receive the plan's benefits. This claim is contingent upon retirement. Nevertheless, the factual event forming the basis of the claim, i.e., their retirement, had not occurred at the commencement of the action.

136 F.3d at 109. See also Smith v. Alabama Dry Dock & Shipbuilding Co., 309 So. 2d 424 (1975) (holding that a corporation was not entitled to a declaratory judgment concerning a retirement plan that had not yet been implemented.) Likewise, the event forming the factual basis of Figures's claims (i.e. mandatory retirement from the Board after he reaches age seventy) has not yet occurred, nor will it even possibly occur for another seven years.

The Eleventh Circuit also noted in Kirby that "[r]ipeness requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review." 195 F.3d at 1290 (citing Abbott Laboratories, 387 U.S. at 139). An examination of these factors also demonstrates that Figures's claims are not ripe for judicial review. Figures cannot demonstrate any hardship that would occur from withholding court consideration, as he can only speculate that the mandatory retirement aspect of section 16-50-20(a) could ever apply to him. Even if it did, such could not possibly occur for another seven years.

Neither can Figures demonstrate that these issues are fit for judicial review. There are several events that could occur in the next seven years which would prevent a justiciable controversy from ever arising, such as his resignation or death or an

amendment of section 16-50-20 by the Legislature. In <u>Williamson v. Indianapolis Life Ins. Co.</u>, 741 So. 2d 1057 (Ala. 1999), a plaintiff based a fraudulent inducement claim upon an insurance agent's alleged misrepresentation in 1992 that the life insurance policy he was purchasing would be paid up in ten years. The plaintiff brought the suit when he realized that he would have to continue paying premiums even after the ten-year period. However, the suit was brought well before the expiration of the ten-year period. The court held that the plaintiff's claim was not ripe for adjudication. The court noted that if the plaintiff died before the expiration of the ten-year period, the policy benefits would be paid in full and the plaintiff would therefore suffer no injury. <u>Id.</u> at 1060. Likewise, it cannot be proven that Figures will live or otherwise continue to serve on the ASU Board until year 2014. Accordingly, this issue is far too speculative for it to be fit for judicial review at this time. Thus, Plaintiff Figures's claims should be dismissed for lack of ripeness.

### III.   THE PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF IS MOOT.

In the first count of the Complaint, the Plaintiffs seek declaratory relief concerning the application of the trustee age restriction set forth in the last sentence of section 16-50-20(a) of the Code of Alabama. <u>See</u> Complaint at ¶ 9. This provision states, quite simply, that "[n]o member [of the Alabama State University Board of Trustees] shall serve past September 30 following his seventieth birthday." ALA. CODE § 16-50-20(a) (2001). Though the meaning of this provision is hardly in doubt, the Plaintiffs specifically seek a judicial construction of subsection (b) of the statute, which provides that "[n]o trustee who is serving on the said board on April 30, 1986, shall lose his or her seat because of this section." ALA. CODE § 16-50-20(b) (2001). This provision

7

appears to exempt certain trustees from the scope of the age restriction contained in subsection (a).  Because Plaintiff Reed was a member of the Alabama State University Board of Trustees on April 30, 1986, he contends that subsection (b) will allow him to retain his seat as a trustee past the September 30 following his seventieth birthday.  See Complaint at ¶¶ 6, 9.  According to the Complaint, Plaintiff Reed will celebrate his seventieth birthday on September 13, 2008.  See Complaint at ¶ 6.

In the Defendants' view, Plaintiff Reed's entitlement to the subsection (b) exemption is questionable because he has not continuously maintained his position as a trustee since April 30, 1986.  Nonetheless, as arguable as this issue may be, this Court need not decide it, because the issue has now been rendered moot.  This circumstance is due to the operation of the latter part of subsection (b), which the Plaintiffs have neglected to mention at all in their Complaint.  That provision, which immediately follows the exemption language relied on by Plaintiff Reed, basically gives the Governor the power to nullify the exemption in subsection (b) if he so chooses.  In its entirety, subsection (b) provides:

> (b) No trustee who is serving on the said board on April 30, 1986, shall lose his or her seat because of this section; provided, however, *the Governor may re-designate the period of the term of these members so as to conform to the provisions of subsection (a)*.

ALA. CODE § 16-50-20(b) (2001) (emphasis added).  What this means is that, even if Plaintiff Reed is entitled to the subsection (b) exemption by virtue of his having been a trustee on April 30, 1986, the latter half of that same subsection allows the Governor to re-designate the period of Reed's term so that it comports with the age restriction set forth in subsection (a).  Significantly, the Governor has exercised his prerogative to do so just this week.

In a letter dated March 7, 2007, Governor Riley wrote to inform Plaintiff Reed that he had exercised his authority to re-designate the period of Reed's term in accordance with section 16-50-20(b) of the Code of Alabama.  See Exhibit A, attached hereto.  In doing so, the Governor shortened Plaintiff Reed's term so that it would terminate on September 30, 2008.  Notably, this is the same date his term would have ended by operation of law (by virtue of Reed's having reached his seventieth birthday) but for the subsection (b) exemption.  In effect, what the latter half of subsection (b) does it to allow the Governor to make an exception to the exception, which is precisely what he has now done with regard to Plaintiff Reed.

The Governor's action has great significance to the present litigation because, by exercising his authority to re-designate the length of Plaintiff Reed's term, it no longer matters whether he was entitled to the subsection (b) exemption in the first place.  If Plaintiff Reed is not legally entitled to the exemption, the last sentence of section 16-50-20(a) dictates that he cannot serve as a trustee past September 30, 2008.  Yet, even if he is entitled to the exemption, the Governor has the authority to re-designate the period of Plaintiff Reed's term so that it comports with the age restriction found in subsection (a).  By exercising such authority, the Governor has made it so that Plaintiff Reed's term will end on September 30, 2008, regardless of whether he is entitled to the subsection (b) exemption.  Thus, it is unnecessary for this Court to make a judicial construction of the exemption, and the Plaintiffs' claim for declaratory relief should be dismissed as being moot.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975), and Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974), to hold that, "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the

9

complaint is filed'"); <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70-71 (1983) (holding that a case was "classically moot" because no judicial interpretation of a disputed federal regulation could possibly redress the grievance asserted by the plaintiff).

> II. **SECTION 16-50-20(a) OF THE CODE OF ALABAMA DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.**

At bottom, there remains but one issue to be decided by this Court. That is, does the age restriction set forth in section 16-50-20(a) — which specifies that a member of the Alabama State University Board of Trustees cannot continue to serve past September 30 following his or her seventieth birthday — violate the Equal Protection Clause of the Fourteenth Amendment? In their Complaint, the Plaintiffs contend the statute does so offend the Constitution, because it allegedly discriminates on the basis of age without any rational basis for doing so. <u>See</u> Complaint at ¶¶ 10-13. An analysis of the applicable case law, however, demonstrates that the Plaintiffs' section 1983 claim lacks any merit and should, therefore, be dismissed.

> A. **The statute challenged by the Plaintiffs is subject only to rational-basis scrutiny.**

The Equal Protection Clause of the United States Constitution is "essentially a direction that all people similarly situated be treated alike." <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985). The Equal Protection Clause invalidates laws that create arbitrary and capricious classifications. There are, however, different levels of equal protection scrutiny. The first task for any court in assessing the constitutionality of a statute in an equal protection challenge is to determine the proper level of scrutiny to be applied. <u>See, e.g.</u>, <u>Dunn v. Blumstein</u>, 405 U.S. 330 (1972). Laws

10

that single out a suspect class — that is, by drawing lines based on race or national origin — are subject to "strict scrutiny," the highest level of scrutiny. See, e.g., Miller v. Johnson, 515 U.S. 900 (1995) (race); Hernandez v. Texas, 347 U.S. 475 (1954) (national origin). Other legislatively drawn distinctions, such as those based on gender and illegitimacy, have been subjected to a somewhat less rigorous "intermediate scrutiny" standard. See, e.g., Craig v. Boren, 429 U.S. 190 (1976) (gender); Clark v. Jeter, 486 U.S. 456 (1988) (illegitimacy). Other classifications are subject only to rational-basis scrutiny. City of Cleburne, 473 U.S. at 440 (observing that, when legislative distinctions are not premised on suspect classifications, "the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest"); Panama City Medical Diagnostic Ltd. v. Williams, 13 F.3d 1541, 1545 (11th Cir. 1994) (holding that "unless a case involves a suspect class or a fundamental right, the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest").

In this case, the Plaintiffs have apparently conceded — as they must — that the age classification contained in section 16-50-20(a) is subject only to rational-basis scrutiny. See Complaint at ¶¶ 11-12 (averring that the age classification in the challenged statute lacks a "rational basis"); see also Gregory v. Ashcroft, 501 U.S. 452, 470 (1991) ("This Court has said repeatedly that age is not a suspect classification under the Equal Protection Clause"). This is significant, because in applying the rational-basis test, courts give great deference to the actions of state legislatures. Panama City, 13 F.3d at 1545 (stating that "[courts] must give great deference to the [legislature] because lawmakers are presumed to have acted constitutionally 'despite the fact that, in practice, their laws result in some inequality'") (quoting McGowan v. Maryland, 366 U.S. 420,

425-26 (1961)). This deference is a result of comity between the branches of government. As the United States Supreme Court held in F.C.C. v. Beach Communications, Inc., 508 U.S. 307 (1993):

> [E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

Id. at 313 (citations omitted). Furthermore, "[r]estraints on judicial review have 'added force' in cases, such as the one at bar, in which the legislature must engage in line-drawing." Panama City, 13 F.3d at 1546 (quoting Beach Communications, 508 U.S. at 315).

### B. The age restriction contained in section 16-50-20(a) is not irrational.

The Plaintiffs' claim that section 16-50-20(a) violates the Equal Protection Clause runs counter to at least three decisions of the United States Supreme Court that have upheld statutes predicated on age classifications, including some that have imposed mandatory retirement on persons much younger than age 70. Gregory v. Ashcroft, 501 U.S. 452 (1991) (upholding Missouri's state constitutional provision mandating judicial retirement at age 70); Vance v. Bradley, 440 U.S. 93 (1979) (upholding a federal statute mandating retirement of Foreign Service officers at age 60); Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307 (1976) (upholding a Massachusetts statute mandating retirement of state police officers at age 50). In deciding these cases, the Supreme Court has recognized that "the authority of the people of the States to determine the qualifications of their most important government officials . . . is an

12

authority that lies at 'the heart of representative government.'" 501 U.S. at 463 (some quotation marks omitted).  Indeed, such authority "is a power reserved to the States under the Tenth Amendment and guaranteed them by that provision of the Constitution under which the United States 'guarantee[s] to every State in this Union a Republican Form of Government.'" Id. (citing U.S. Const., Art. IV, § 4) (brackets original).

The Gregory, Bradley, and Murgia decisions have each rejected the proposition that it is constitutionally irrational for a legislature to require older public officials to step down from their positions, noting that "[i]t is an unfortunate fact of life that physical and mental capacity sometimes diminish with age." 501 U.S. at 472 (citing both Bradley and Murgia).  The Court has done so, moreover, while recognizing that generalizations regarding age may not always be true in some specific instances.  As a case in point, while upholding Missouri's constitutional provision mandating the retirement of judges at age 70, the Supreme Court observed:

> The Missouri mandatory retirement provision, like all legal classifications, is founded on a generalization.  It is far from true that all judges suffer significant deterioration in performance at age 70.  It is probably not true that most do.  It may not be true at all.  But a State "'does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.'" Murgia, 427 U.S. at 316 . . . "In an equal protection case of this type . . . those challenging the . . . judgment [of the people] must convince the court that the . . . facts on which the classification is apparently based could not reasonably be conceived to be true by the . . . decisionmaker." Bradley, 440 U.S., at 111 . . . The people of Missouri rationally could conclude that the threat of deterioration at age 70 is sufficiently great, and the alternatives for removal sufficiently inadequate, that they will require all judges to step aside at age 70. This classification does not violate the Equal Protection Clause.

Gregory, 501 U.S. at 473 (some internal citations omitted).

The same wisdom applies to the present case.  Though some persons who are over age 70 might be perfectly capable of serving on the Alabama State University Board of Trustees, it was nonetheless rational for the Alabama Legislature to have concluded that it would be better to have younger persons serving in that capacity.  As it was in Murgia, the age restriction in section 16-50-20(a) may have been borne of a perceived need for younger trustees who would presumably be in better physical health.  See 427 U.S. at 314-15.  Alternately, as it was in Gregory, the impetus for the age restriction may have been based on a desire to maintain younger trustees possessing better mental faculties.  See 501 U.S. at 471.  Or, as it was in Bradley, the Legislature may have enacted the age restriction in section 16-50-20(a) as a means to promote fluidity on the board of trustees, by requiring older trustees to step down to make way for new leadership.  See 440 U.S. at 99-101.  Any of these theories, regardless of whether they actually motivated the Legislature or if their efficacy can be proven in application, are all rational bases upon which the constitutionality of section 16-50-20(a) can be sustained.  Accordingly, the Plaintiffs' equal protection claim should be dismissed.

**C.     It is irrelevant that statutes concerning other universities' boards of trustees do not have age restrictions like that of section 16-50-20(a).**

In their Complaint, the Plaintiffs assert that section 16-50-20(a) is unconstitutional based on more than the fact that it differentiates between persons who are 70 or older and those who are under age 70.  They additionally contend that the statute is invalid because it imposes an age restriction on members of the Alabama State University Board of Trustees while the Legislature has not imposed a similar restriction on trustees of other state universities.  See Complaint at ¶ 12.  This circumstance, however, is irrelevant to the Plaintiffs' constitutional challenge.

14

By advancing this claim, the Plaintiffs are essentially arguing that section 16-50-20(a) is unconstitutional because it is under-inclusive or because the Legislature has not regulated broadly enough. What the Plaintiffs argue, however, is plainly not required by the Constitution. As the United States Supreme Court has acknowledged, legislatures can implement regulations incrementally and need not legislate to the furthest possible extent. <u>Williamson v. Lee Optical</u>, 348 U.S. 483, 489 (1955) (holding that "reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind" and that "[t]he legislature may select one phase of one field and apply a remedy there, neglecting the others"). That is the situation here. Though statutes controlling other state universities' boards of trustees do not restrict the ages of the members of those boards, the decisions in <u>Gregory</u>, <u>Bradley</u>, and <u>Murgia</u> foreclose any argument that the Legislature could not implement such restrictions if it desired to do so. That the Legislature has chosen to first implement such a measure with Alabama State University does not render it violative of equal protection. Although the Legislature could have simultaneously amended all statutes pertaining to boards of trustees at state universities, inserting age restrictions in each one, it apparently chose not to do so. Importantly, <u>Williamson</u> instructs that the Legislature did not have to act to such an extent to satisfy the Equal Protection Clause. Rather, it was free to regulate incrementally, first testing a trustee age restriction at Alabama State University and, if the Legislature later deemed it prudent, it could then undertake to implement similar restrictions for other boards of trustees. Thus, the "all-or-nothing" approach that the Plaintiffs apparently advocate finds no support, either in the Constitution or in equal protection jurisprudence.

CONCLUSION

For the foregoing reasons, all the claims in the Plaintiffs' Complaint should be dismissed, and judgment should be entered in favor of the Defendants.

Submitted this 9th day of March 2007.

                        Respectfully submitted,

                        **/s/ Kenneth D. Wallis, II**
                        Kenneth D. Wallis, II (WAL064)
                        Chief Legal Advisor
                        Office of the Governor

                        **/s/ Scott L. Rouse**
                        Scott L. Rouse (ROU010)
                        Deputy Legal Advisor
                        Office of the Governor

**ADDRESS OF COUNSEL:**

Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama 36130
(334) 242-7120 Phone
(334) 242-2335 Fax

                        **/s/ Kenneth L. Thomas**
                        Kenneth L. Thomas (THO043)
                        Attorney for Defendant Elton Dean

                        **/s/ Christopher K. Whitehead**
                        Christopher K. Whitehead (WHI105)
                        Attorney for Defendant Elton Dean

**ADDRESS OF COUNSEL:**

Thomas, Means, Gillis & Seay, P.C.
P. O. Drawer 5058
Montgomery , AL 36103-5058
(334) 270-1033 Phone
(334) 260-9396 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys:

J. Cecil Gardner, Esq.
M. Vance McCrary, Esq.

I also hereby certify that I have mailed by United States Postal Service to the following:

John B. Crawley, Esq.
8115 Amber Street
Montgomery, Alabama 36117

> **/s/ Scott L. Rouse**
> Scott L. Rouse (ROU010)
> Deputy Legal Advisor
> Office of the Governor

**ADDRESS OF COUNSEL:**

Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama  36130
(334) 242-7120 Phone
(334) 242-2335 Fax