IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM CLARK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cv-190-WKW |
| | ) | [wo] |
| BOB RILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs challenge the constitutionality of an Alabama statute setting an age limit for those who serve on the Board of Trustees (the "Board") of Alabama State University ("ASU"), and they challenge the interpretation of the statute by the Governor as it applies to plaintiff Joe L. Reed.  On March 2, 2007, defendants removed the case from the Circuit Court of Montgomery County, Alabama.  Before the court are Defendants' Joint Motion to Dismiss (Doc. # 3) and Plaintiffs' Motion to Remand in Part and for Summary Judgment in Part (Doc. # 7).  For reasons that appear below, the motion to dismiss is due to be granted in part and denied in part, the motion to remand is due to be denied, and the motion for summary judgment is due to be denied.

**I.  FACTS AND PROCEDURAL HISTORY**[1]

In 1986, the Alabama Legislature amended Alabama Code § 16-50-20, the code section that creates the Board and establishes its composition, qualifications, appointment, terms of office, and compensation of members.  Pertinent to the instant action are three provisions that did not previously exist: first, in subsection (a), "No member shall serve past September 30 following his seventieth

---

[1]  At the motion to dismiss stage, the court will take all well-pleaded facts in the complaint as true.

birthday" (the "age limitation provision"); second, in subsection (b), "No trustee who is serving on the said board on April 30, 1986, shall lose his or her seat because of this section; . . ." (the "exemption provision"), and; third, also in subsection (b) and immediately following the second item above, "provided, however, the Governor may re-designate the period of the term of these members so as to conform to the provisions of subsection (a)" (the "redesignation provision"). Besides the age limitation provision, subsection (a) contains numerous substantive provisions governing appointment, staggering of terms, and pay, among other topics.

Plaintiff William Clark ("Clark") is an alumnus of Alabama State University, but is not a member of the Board. Plaintiffs Thomas Figures ("Figures") and Joe L. Reed ("Reed") are alumni of ASU and serve on the Board. The Governor and Dean are each sued in their official capacities. Reed will attain his seventieth birthday on September 13, 2007, prior to the expiration of his present term in 2011. Reed was, however, a member of the ASU Board on the salient date of April 30, 1986, and has remained on the Board continuously since then.[2] Figures' term expires before he attains the age of seventy in 2014. Defendant Governor Bob Riley (the "Governor") serves as ex officio president of the Board[3] and defendant Elton Dean ("Dean") serves as Chair of the Board.

The complaint was filed in the circuit court on February 2, 2007. In count one, plaintiffs seek a declaration that the age limitation provision does not apply to "those, like Plaintiff Reed" who were serving on the Board on April 30, 1986. (Compl. ¶ 9). They seek an order requiring the defendants to recognize Reed's status as a member of the Board after his seventieth birthday.

---

[2] Defendants dispute the continuous service of Reed. Reed filed an affidavit confirming his continuous service on the Board since 1986. At this stage, Reed's contention is taken as true.

[3] *See* Ala. Code § 16-20-50.

2

Plaintiffs also contend in count two that the age limitation provision of § 16-50-20 lacks a rational basis and is void and unenforceable "because it violates the equal protection clause of the United States" (sic) (*Id*. para 13).   Figures also seeks a declaration that the age limitation cannot constitutionally be applied to him "should he be reappointed to another term." (*Id.*)

On March 7, 2007, the Governor informed Reed by letter that, pursuant to subsection (b), he was exercising his authority "to re-designate the term of your appointment to the ASU Board of Trustees so that it may conform to the age restriction set forth in section 16-50-20(a)." (Ex. A to Doc. # 3).   Further, the Governor explained to Reed that "I am re-designating the period of your term so that it will expire on September 30, 2008.  By doing so, the term of your appointment will terminate on this date, regardless of whether you are lawfully entitled to the exemption provided in subsection (b)." *Id.*  There has been no amendment to the complaint to address this post-filing action of the Governor, but the briefing of both sides substantively addresses the consequences of the action.

Defendants move to dismiss Clark and Figures for lack of standing to sue, and assert that Figures's claim is not ripe for adjudication.  Defendants contend that the aforementioned letter of the Governor to Reed effectively moots Reed's claim for declaratory judgment, and that as a matter of law, the age limitation provision does not offend the Constitution.  Plaintiffs move to remand the claims of Clark and Figures to state court because they have no Article III standing (Doc. # 8 at 3), and the defendants agree (Doc. # 11 at 2).   Plaintiff Reed seeks summary judgment on the constitutional claim. In his briefing, but not in his motion, Reed asks the court to remand count one to the state court because the redesignation provision  involves a  matter of purely state law,  i.e., interpretation of a state statute (Doc. # 8 at 5).  In the alternative, Reed asks the court to construe the

redesignation provision in his favor and against the interpretation expressed in the Governor's March 7 letter.

## II.  MOTION TO REMAND

Before addressing the motion to dismiss, the court must first resolve the motion to remand. An action brought in state court over which the district court has original jurisdiction may be removed by the defendants. 28 U.S.C. § 1441. Removal is proper only if the action could have been originally filed in federal court because of the existence of either diversity or federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). Federal district courts have original "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of "federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392 (citation omitted). The complaint states that "[t]his is an action under 42 U.S.C. § 1983" alleging a deprivation of the plaintiffs' equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution. (Compl. ¶¶ 1, 10.) The complaint presents a federal question on its face; therefore, the court has original jurisdiction over this matter. Accordingly, the motion to remand is due to be denied.

## III.  MOTION TO DISMISS

Defendants move to dismiss the claims of Clark and Figures for lack of standing to sue and lack of ripeness for judicial review. "Standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). Both requirements originate with the Constitution's Article III requirement

4

that "the jurisdiction of the federal courts be limited to actual cases and controversies." *Id.* at 1204-05. In cases in which parties request declaratory and injunctive relief, the analyses of the doctrines of standing and ripeness tend to overlap. "This is because claims for pre-enforcement review involve the possibility of wholly prospective future injury, not a prayer for relief from damages already sustained." *Id.* at 1205. As will be seen, the focus of the analysis here will be on the concept of injury.

In order to establish Article III standing, a plaintiff must meet three Constitutional requirements.[4] First, he must demonstrate injury in fact, an injury that is concrete, actual and imminent, not conjectural or hypothetical. *Vermont Agency of Natural Res. v. United States*, 529 U.S. 765, 771 (2000). Second, he must establish causation between the alleged injury and the alleged activity of the defendant. *Id.* Third, he must show redressability, that is, that the remedy sought will likely remedy the alleged injury. *Id.* On the other hand, in evaluating ripeness of a claim, the court must determine "whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." *Elend*, 471 F.3d at 1211 (internal quotation marks and citations omitted).

Clark's claim must be dismissed due to a lack of standing. Clark is not a member of the Board and, therefore, has no prospect of an injury – speculative, conjectural, or otherwise. Figures's claim is likewise defeated on standing.[5] He faces no actual and imminent injury because his term on the Board expires before his seventieth birthday. Figures argues that the age limitation provision

---

[4] The prudential requirements for standing are not disputed here.

[5] Clark's and Figures's lack of standing pretermits a discussion of the ripeness of their claims.

"will directly impact the likelihood of his being reappointed for a subsequent term." (Compl. ¶ 7). In Alabama politics, there could be no more speculative claim than to political reappointment to a public board seven years hence. That assertion fails to account for the potential of new legislation affecting the Board or the appointment process in the intervening years, as well as the virtually guaranteed changes in administrations and political alliances, not to mention the uncertainty of health and life itself. The standing of Clark and Figures is felled by the requirement of injury in fact. Under the standing analysis, this court clearly lacks jurisdiction.

Reed's claim is quite a different matter. He is approaching the age of seventy in this calendar year, and his position on the Board is clearly at risk in view of the statutory mandate and the Governor's redesignation letter. Reed has alleged an impending constitutional violation that may result in his removal from the Board. Reed has alleged an injury in fact and his claim is sufficiently mature for judicial decision. Accordingly, the court has jurisdiction over Reed's claim.

Defendants attack Reed's claim on two additional grounds. They say the claim for injunctive relief in count one is moot because the Governor has exercised his discretion under § 16-50-20(b) to redesignate Reed's term to bring him under the age limitation provision. This issue is not properly before the court. Defendants also allege that, as a matter of law, the age limitation provision does not violate the Equal Protection Clause of the Fourteenth Amendment. At this time, the court denies the motion to dismiss on these grounds. The court will allow Reed the opportunity to amend his complaint to plead issues raised or clarified by the Governor's redesignation letter, and the defendants may raise their arguments again in a motion to dismiss the amended complaint.

Because the complaint is incomplete and the issues are not sufficiently framed, Reed's motion for summary judgment is due to be denied.

## IV.  CONCLUSION

For the reason stated above, it is ORDERED that:

(1)  The motion to remand of Clark, Figures, and Reed (Doc. # 7) is DENIED;

(2)  The Defendants' Joint Motion to Dismiss (Doc. # 3) is GRANTED as to Clark and Figures, and DENIED as to Reed;

(3)  The claims of Clark and Figures are DISMISSED without prejudice;

(4)  Clark and Figures are DISMISSED as parties to this action;

(5)  The motion for summary judgment (Doc. # 7) is DENIED;

(6)  Reed shall prepare a proposed "First Amended Complaint" and attach it as an exhibit to a Motion for Leave to File First Amended Complaint, which shall be filed with the court **on or before June 18, 2007.**  The defendants shall show cause in writing **on or before June 25, 2007**, why the motion for leave should not be granted.

(7)      The parties are directed to re-style the heading of the case to reflect Reed as the sole plaintiff.

DONE this 6th day of June, 2007.

            /s/   W.  Keith Watkins            
UNITED STATES DISTRICT JUDGE