IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| DR. JOE L. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:07-cv-190-WKW |
| | ) |
| GOVERNOR BOB RILEY, in his official | ) |
| capacity, and ELTON DEAN, in his official | ) |
| capacity as Chair of the Board of Trustees | ) |
| of Alabama State University, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

1. This is an action under 42 U.S.C. § 1983 and state law to obtain declaratory and injunctive relief. This Court has jurisdiction, and venue is proper in this District.

2. Plaintiff is a member of the Board of Trustees of Alabama State University ("ASU").

3. Defendant Riley, sued in his official capacity, is the Governor of the State of Alabama and as such has the power to appoint members of the Board of Trustees of ASU when vacancies occur. Defendant Elton Dean, sued in his official capacity, is the Chair of the Board. Both Defendants are proper parties in order to obtain full relief.

4. Ala. Code § 16-50-20(a) provides, in pertinent part, "No member [of the Board of Trustees of ASU] shall serve past September 30 following his seventieth birthday."

5. Ala. Code § 16-50-20(b) provides, in pertinent part, "No trustee who is serving

on the said board on April 30, 1986, shall lose his or her seat because of this section ..."

6. Plaintiff will reach his seventieth birthday on September 13, 2008. He was serving on the Board on, and prior to, April 30, 1986. His current term as a member of the Board extends into 2011.

7. After this suit was filed (in state court, initially), Governor Riley purported to "re-designate" Plaintiff's term on the Board of ASU, such that it would end on September 30, 2008. Governor Riley purported to find the authority to make this so-called "re-designation" in the second clause of Ala. Code § 16-50-20(b): "provided, however, the Governor may re-designate the period of the term of these members so as to conform to the provisions of subsection (a)."

8. Furthermore, Governor Riley takes the position that the age limitation imposed by Ala. Code § 16-50-20(a) is constitutional and enforceable, and that he is permitted by § 16-50-20(b) to "enforce" it against Plaintiff through "re-designation" of his term.

<u>Count One: Interpretation of § 16-50-20(b)</u>

9. Plaintiff seeks declaratory relief, declaring that the age limitation of § 16-50-20(a) is not applicable to those, like Plaintiff, who were serving on the Board on April 30, 1986. Plaintiff further seeks a declaration that Governor Riley did not have the power, under the proper interpretation of § 16-50-20(b), to "re-designate" his Term in order to impose on him, or enforce against him, the age limitation of § 16-50-20(a). Plaintiff seeks an order declaring that he may continue to serve the remainder of his term even after September 30, 2008; declaring that there shall be no vacancy on the Board to be

filled by gubernatorial appointment, by virtue of his having reached the age of 70; declaring that the Chair has the obligation to continue to recognize his status as a Board member after September 30, 2008; and requiring defendants to recognize his status as a Board member after that date.   Plaintiff further seeks an award of attorneys' fees and expenses, and such other relief as may be appropriate.

Count Two: Constitutional Claim

10.  Plaintiffs contends that the age limitation of Ala. Code § 16-50-20(a) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  By the same token, any "enforcement" of that provision against Dr. Reed, through the Governor's "re-designation" of his term in order to supposedly "comply" with that provision, would likewise be unconstitutional.  The age limitation, and its enforcement against Plaintiff through gubernatorial "re-designation" or otherwise, is a violation of Plaintiff's Equal Protection rights.

11.  The quoted portion of Ala. Code § 16-50-20(a) discriminates on the basis of age, as there is no rational basis for the age classification.  It is bare discrimination, without justification.

12.  In addition, the quoted portion of Ala. Code § 16-50-20(a) discriminates against over-seventy Board members at ASU as compared to over-seventy Board members of most other Alabama public colleges and universities.  There is no rational basis for ejecting ASU Board members at age 70 while allowing other schools' Board members to continue to serve past that age.

3

13. Plaintiff seeks declaratory and injunctive relief, declaring that the age limitation of Ala. Code § 16-50-20(a) is void and unenforceable because it violates the Equal Protection Clause of the United States Constitution; declaring that Plaintiff may continue to serve the remainder of his term even after September 30, 2008; declaring that there shall be no vacancy on the Board to be filled by gubernatorial appointment, by virtue of his having reached the age of 70; declaring that the Chair has the obligation to continue to recognize his status as a Board member after September 30, 2008; requiring defendants to recognize his status as a Board member after that date; awarding attorneys' fees and expenses; and granting such other relief as may be appropriate.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

s/J. Cecil Gardner
J. Cecil Gardner
M. Vance McCrary
THE GARDNER FIRM, P. C.
P. O. Box 3103
Mobile, Alabama 36602
Telephone: (251) 433-8100
Fax: (251) 433-8181
E-mail: cgardner@thegardnerfirm.com
           vmccrary@thegardnerfirm.com

John B. Crawley, Esq.
8115 Amber Street
Montgomery, AL 36117
Telephone (334) 277-9045 or (334) 546-9045
E-mail: jbcsjc@charter.net

James H. Anderson, Esq.

4

>Beers, Anderson, Jackson, Patty,
>Van Heese & Fawal, P. C.
>P. O. Box 1988
>Montgomery, AL 36102-1988
>(334) 834-5311
>Fax: (334) 834-5362
>E-mail:  janderson@beersanderson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following**:    Scott Lee Rouse, Esq. , Kenneth Lamar Thomas, Esq., Kenneth Dallon Wallis, II. Esq. Christopher Kyle Whitehead, Esq.**

>s/J. Cecil Gardner

5