IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| DR. JOE L. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 2:07-CV-190-WKW |
| | ) |
| GOVERNOR BOB RILEY, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby moves for summary judgment in his favor, based on the pleadings, the accompanying brief, the previously-filed Declaration of Dr. Joe L. Reed (attachment 1 to Doc. 8), and the Second Declaration of Dr. Joe L. Reed, which is attached to this motion.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

s/J. Cecil Gardner
J. Cecil Gardner
M. Vance McCrary
THE GARDNER FIRM, P. C.
P. O. Box 3103
Mobile, Alabama 36602
Telephone: (251) 433-8100
Fax: (251) 433-8181
E-mail: cgardner@thegardnerfirm.com
**vmccrary@thegardnerfirm.com**

John B. Crawley, Esq.
8115 Amber Street
Montgomery, AL 36117
Telephone (334) 277-9045 or (334) 546-9045
E-mail: **jbcsjc@charter.net**

James H. Anderson, Esq.
Beers, Anderson, Jackson, Patty,
Van Heese & Fawal, P. C.
P. O. Box 1988
Montgomery, AL 36102-1988
(334) 834-5311
Fax: (334) 834-5362
E-mail:  **janderson@beersanderson.com**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 13th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following**:     Scott Lee Rouse, Esq. , Kenneth Lamar Thomas, Esq., Kenneth Dallon Wallis, II. Esq. Christopher Kyle Whitehead, Esq.**

                                s/J. Cecil Gardner

## SECOND DECLARATION OF DR. JOE L. REED PURSUANT TO 28 U.S.C. § 1746

My name is Joe L. Reed. This is the second declaration that I have given in this lawsuit. The factual statements herein are based on my personal knowledge.

The role of Trustee of Alabama State University is far less than a full-time job. It is not physically demanding in the slightest, and there is no factual basis upon which any reasonable person with any familiarity with the facts could believe it to be physically demanding. It does not require any physical exertion whatsoever. It also does not require long hours. It is a job that merely requires, on average, a few hours per month of reading and discussion. (Those Trustees who are elected as Chair or as a member of the Executive Committee may spend somewhat more time; but, regardless of age, a person is selected for such a post by the other Trustees only if the person is up to the task.)

There is nothing about the role of Trustee that would make a person become unable to fulfill the role due to age, if the person had been deemed fit for the role by the Governor at the time of appointment. Having been in this role for years, I have seen nothing about the role that any reasonable person could believe was too taxing for people over the age of 70. I have searched my brain trying to think of anything about the job that a reasonable person could deem too taxing for people over the age of 70, and I have concluded that there is literally nothing of that sort.

People do not get appointed to this role by the Governor in the first place, unless they are comfortable with the world of politics and with the give-and-take of discussion. And I know of no reason to believe that people of that sort somehow lose their ability to take part in the world of politics or in discussion, around the time they reach age 70. In short, based on my in-depth knowledge of what the role requires, I see no justification for the statutory age limitation – not even one that could be plausibly argued by anyone who was actually familiar with the role. It is merely raw discrimination against people over 70.

I declare under penalty of perjury that the foregoing is true and correct.

This 12th day of June, 2007.

_____
JOE L. REED