IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| DR. JOE L. REED, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:07-cv-190-WKW |
| | ) |
| GOVERNOR BOB RILEY, in his official capacity, and ELTON DEAN, in his official capacity as Chair of the Board of Trustees of Alabama State University, | ) ) ) ) |
| | ) |
|     Defendants. | ) |

**MOTION FOR INJUNCTION
PENDING APPEAL, UNDER FED. R. CIV. P. 62(c)**

Pursuant to Fed. R. Civ. P. 62(c), plaintiff Joe L. Reed respectfully moves for an injunction pending appeal, to maintain the *status quo* until the Eleventh Circuit rules on Dr. Reed's appeal. In support of this motion, Dr. Reed states as follows.

This suit concerns the interpretation and constitutionality of the statute imposing an age limit for members of the Board of Trustees of Alabama State University. Ala. Code § 16-50-20(a) states, "No member shall serve past September 30 following his seventieth birthday." This Court held that Dr. Reed is subject to that age limit, and that Ala. Code § 16-50-20(b) does not exempt him from it. This Court also held that the age limit does not violate the Fourteenth Amendment's Equal Protection command. [Doc. 27, Memorandum Opinion and Order].

Dr. Reed has appealed this Court's judgment. His opening appellate brief is due

by May 31, 2008. Briefing in the Eleventh Circuit will therefore be completed in mid- to late July 2008, absent unusual circumstances. It is very unlikely that the Eleventh Circuit will decide the appeal before September 30, 2008.

Dr. Reed's seventieth birthday is September 13, 2008. [Doc. 27, p. 3]. As of September 30, 2008, the dispute between the parties will therefore come to a head. It is not entirely clear by what mechanism that will occur. It could be by a *quo warranto* action (as this Court mentioned, Doc. 27, p. 17 & n. 15), or it could be by self-help action on the Governor's part (as this Court also mentioned, Doc. 27, p. 18 n. 16). But in either event, the dispute will come to a head while the case is still on appeal.

Rule 62(c) is designed precisely for this sort of situation, in which the Court has declined to issue an injunction on the merits, but where it nevertheless makes good equitable sense to maintain the *status quo* pending appeal. Rule 62(c) provides in pertinent part:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Thus, in this case, "While an appeal is pending from [a] … final judgment that … denies an injunction, the court may … grant an injunction …" That is what we respectfully request here.

Guidance on application of Rule 62(c) can be found in *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981).[1] *Ruiz* involved a slightly different procedural posture: appellate

---

[1] *Ruiz* is from the "old" Fifth Circuit, and so it counts as Eleventh Circuit precedent.

2

consideration of whether to *stay* an injunction pending an appeal, under Fed. R. App. P. 8. But that is very similar to the question of whether to *grant* an injunction pending an appeal, and so it would make sense to consider the same factors. (In fact, the Court in *Ruiz* mentioned Civil Rule 62(c) as being closely related to Appellate Rule 8. *Id.*, 650 F.2d at 565.) The factors under *Ruiz* are:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Id*.

The Court in *Ruiz* held that a movant is not required to show that he will *probably* win on the merits. Instead, it is enough to show that there is a substantial issue, and that the other factors justify maintenance of the *status quo*.

> [T]he movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. … The stay procedure of Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8(a) affords interim relief where relative harm and the uncertainty of final disposition justify it.

*Id.* The Court quoted approvingly from, and followed, *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir.1977):

> An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant. There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of

3

success.

*Ruiz*, 650 F.2d at 565.

An injunction pending appeal is appropriate here under the *Ruiz* standard. The equities strongly favor maintaining the *status quo*, and there is a serious and substantial question on appeal. More particularly, as to each of the *Ruiz* factors:

(1) The issues that Dr. Reed will present on appeal are substantial and serious ones. Although we respect the Court's decision against him, we ask the Court to recognize that reasonable minds could certainly differ on the correctness of the decision. For instance, although this Court interpreted Ala. Code § 16-50-20(b) in a way that did not exempt Dr. Reed from the age limit, the Court's opinion implicitly recognizes that the decision was a hard one. After all, the Court found itself disagreeing with an interpretation that *all* parties advocated [Doc. 27, p. 9], which certainly indicates that the matter was far from open-and-shut. As another example, although this Court rejected Dr. Reed's argument that the differing treatment of Trustees at different colleges was irrational and therefore violated Equal Protection [Doc. 27, p. 22], we respectfully submit that there is a substantial question as to whether the Court's method of analysis and its ultimate conclusion were correct on that point. There is a substantial argument, at least, that there must actually be a rational reason for imposing an age limit at some few schools but not at most others.

(2) Dr. Reed will likely suffer irreparable injury if the *status quo* is not

maintained pending appeal. That is, he will, by one method or another, likely be ousted from the Board after September 30 in reliance on this Court's decision, even though the appeal from that decision is still pending. Even if the Court of Appeals agrees with his arguments and reverses this Court's judgment, the harm that he has suffered in the interim will be irreparable. It will be the harm of not being able to perform the functions of the office to which he was appointed, and the harm of being subjected to a violation of his constitutional right to Equal Protection.

(3) Defendants, by contrast, will not be harmed in any cognizable way by a maintenance of the *status quo*, even assuming that they ultimately prevail on appeal. (Of course, if they do not prevail on appeal, then maintaining the *status quo* will have done no harm in the least.) Even if the appeal turns out to be unsuccessful, maintaining the *status quo* in the interim will cause no harm to Defendant Dean at all. And Alabama State University and its Board of Trustees would not have suffered any harm whatsoever, either. There is, in particular, not even a hint of any evidence that Dr. Reed is unsuited to continued service on the Board for the duration of the appeal. (Even those who support the age limit must admit that it uses the cutoff date of September 30 following the 70th birthday merely as an extremely rough proxy for the effects of advancing age, and that there is no reason to believe that Dr. Reed himself has become "too old" to serve ably on the Board.) As to Governor Riley, the only thing remotely approaching a harm to

5

him, assuming that he prevails on appeal, is that he will have had to wait a few extra months before appointing someone to the Board. But that moderate delay does not constitute any meaningful sort of harm.

(4) Perhaps most importantly, the public will be best served by maintaining the *status quo*. As we have noted above, there is no evidence (nor even any reason to suspect) that the public would suffer any harm whatsoever from maintaining the *status quo*. Dr. Reed remains a capable and committed member of the Board of Trustees. Even if this Court's judgment is affirmed, the public will not have been harmed by some extra months of service by Dr. Reed. (The Court might well find that those extra months of service by Dr. Reed would in fact be a positive benefit to the public, since Dr. Reed's commitment to Alabama State is so longstanding and so overwhelmingly demonstrated by his service to the school.) But the public interest would certainly be harmed if this Court does *not* maintain the status quo and if the Court of Appeals then reverses this Court's judgment. In that event, the Board of Trustees of Alabama State University would have had unnecessary disruption and turnover, with Dr. Reed being ousted and then reinstated. In other words, even if the appeal is ultimately unsuccessful, the public will not be harmed by maintaining the *status quo*; but if the appeal is ultimately successful, maintenance of the *status quo* will have prevented substantial harm to the public interest.

As a final equitable consideration, Dr. Reed also notes that he has not delayed

6

either in the filing of this suit, or in filing the necessary motions and briefs to bring it to a final judgment.

For these reasons, Dr. Reed respectfully requests that the Court enter an order under Rule 62(c) that (1) prohibits Governor Riley from appointing anyone in place of Dr. Reed, until the Eleventh Circuit decides the appeal; (2) requires the Defendants to treat Dr. Reed as a member of the Board of Trustees in all respects, until the Eleventh Circuit decides the appeal; and (3) requires no bond, since this relief will not harm Defendants or the public in any material way (and certainly in no monetarily-compensable way).

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

s/J. Cecil Gardner
J. Cecil Gardner
M. Vance McCrary
THE GARDNER FIRM, P. C.
P. O. Box 3103
Mobile, Alabama 36602
Telephone: (251) 433-8100
Fax: (251) 433-8181
E-mail: cgardner@thegardnerfirm.com
         vmccrary@thegardnerfirm.com

James H. Anderson, Esq.
Beers, Anderson, Jackson, Patty,
Van Heese & Fawal, P. C.
P. O. Box 1988
Montgomery, AL 36102-1988
(334) 834-5311
Fax: (334) 834-5362
E-mail: janderson@beersanderson.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 6TH day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following**:    Scott Lee Rouse, Esq. , Kenneth Lamar Thomas, Esq., Kenneth Dallon Wallis, II. Esq. Christopher Kyle Whitehead, Esq.**

                                              s/J. Cecil Gardner