IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE L. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-0190-WKW [wo] |
| ) | |
| BOB RILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING INJUNCTION PENDING APPEAL**

Before the court is Plaintiff Joe L. Reed's ("Dr. Reed") Motion for Injunction Pending Appeal (Doc. # 34), filed pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Defendants Governor Bob Riley ("Governor Riley") and Chairman Elton Dean ("Mr. Dean") filed a Response in Opposition. (Doc. # 36.) For the reasons to follow, the court finds that Dr. Reed's motion is due to be denied.

**I. BACKGROUND**

Dr. Reed, who will turn 70 years old on September 13, 2008, brought this lawsuit seeking declaratory and injunctive relief which, had it been granted, would have allowed Dr. Reed to remain on Alabama State University's Board of Trustees ("Board") past his seventieth birthday. At the heart of Dr. Reed's lawsuit was whether Alabama Code § 16-50-20(a)'s proscription against an individual serving on the Board past age 70 applied to Dr. Reed by virtue of an exemption provision in § 16-50-20(b) or, alternatively, whether the age limitation in subsection (a) withstood constitutional scrutiny under the Equal Protection

Clause of the Fourteenth Amendment.[1]  In a memorandum and order entered on March 31, 2008, the court resolved these issues against Dr. Reed, denying his motion for summary judgment and granting Defendants' motion to dismiss the first amended complaint.  (Doc. # 27.)  The entry of a final judgment in Defendants' favor followed.  (Doc. # 28.)

Dr. Reed appealed the court's judgment (Doc. # 29) and filed a motion for an injunction pending an appeal which presently is at issue.[2]  (Doc. # 34.)  Dr. Reed also recently notified this court that the Eleventh Circuit tentatively set the case for oral argument during the week of November 17, 2008. (Doc. # 37.)  As Defendants concede, the November 17 date "confirms that [Dr. Reed's] appeal will not be decided by September 30, 2008."[3]  (Doc. # 38 at 1.)

---

[1] Alabama Code § 16-50-20, which consists of two subsections, regulates the qualifications and terms of office for the Board at Alabama State University.  Ala. Code § 16-50-20.  Subsection (a) provides, in part, that "[n]o member shall serve past September 30 following his seventieth birthday."  *Id.* § 16-50-20(a).  Subsection (b) contains what the court has referred to as the "exemption provision."  (Doc. # 27 at 9, citing Ala. Code § 16-50-20(b).)

[2] Alabama Code § 16-50-20(b) also contains a "re-designation provision," (Doc. # 27 at 9, citing § 16-50-20(b)), and, as part of his requested relief, Dr. Reed sought a declaration that Governor Riley did not have the power to re-designate his term in order to enforce § 16-50-20(a)'s age limitation.  (*Id.* at 7.)  In its March 31 memorandum opinion and order, the court agreed with Dr. Reed insofar as it adopted a "narrow" view of the "re-designation provision" and found that "the Governor d[id] not have the authority to re-designate term periods in order to enforce" the age limitation in § 16-50-20(a).  (*Id.* at 9, 17-18.)  Dr. Reed has not specifically challenged this finding in his Motion for Injunction Pending Appeal (Doc. # 34 at 1), but the court observes that its narrow construction did not help Dr. Reed in the end because the court also found that subsection (b)'s exemption provision did not exempt Dr. Reed from subsection (a)'s age limitation.  (*Id.* at 17-18.)

[3] Defendants contend that "the parties have always expected [that Dr. Reed's] appeal would not be decided by September 30, 2008 because [Dr. Reed] did not request an expedited briefing or hearing schedule."  (Doc. # 38 at 1.)

## II. DISCUSSION

Invoking Rule 62(c) of the Federal Rules of Civil Procedure, Dr. Reed moves for an order "prohibit[ing] Governor Riley from appointing anyone in place of Dr. Reed" and requiring Defendants "to treat Dr. Reed as a member of the Board of Trustees in all respects, until the Eleventh Circuit decides the appeal." (Doc. # 34 at 7.)  Dr. Reed also requests that the court enter the requested injunction without the requirement of a bond.  (*Id.*)

In relevant part, Rule 62(c) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(c).  An injunction pending an appeal is considered an "extraordinary remedy," *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000), "for which the moving party bears a 'heavy burden.'"  *Gay Lesbian Bisexual Alliance v. Sessions*, 917 F. Supp. 1558, 1561 (M.D. Ala. 1996) (Thompson, J.) (citation omitted).  In deciding whether to issue an injunction pending an appeal, the Eleventh Circuit requires movants to show "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the [movants] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest."  *Touchston*, 234 F.3d at 1132; *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (explaining that, while different procedural rules govern the authority of district

3

courts and courts of appeals to stay an order pending appeal, the factors for consideration generally are the same) (citing Fed. R. Civ. P. 62(c) & Fed. R. App. P. 8(a)).

After reviewing the *Touchston* factors, the court finds that an injunction pending an appeal is not appropriate. As to the first factor, Dr. Reed has not made a sufficient showing that he is substantially likely to succeed on appeal. For the reasons stated at length in its March 31, 2008 memorandum opinion and order (Doc. # 27), the court believes that it properly concluded that Dr. Reed is subject, without exemption, to the age limitation set out in Alabama Code § 16-50-20(a) and that § 16-50-20(a) withstands rational basis review under the Equal Protection Clause. Dr. Reed has not presented any additional argument in his present motion which persuades the court that there is a substantial likelihood that Dr. Reed will obtain a contrary result in the Court of Appeals for the Eleventh Circuit.[4]

Turning to the second, third and fourth requirements for Rule 62(c) relief, the court has weighed carefully Dr. Reed's and Defendants' arguments. (Compare Doc. # 34 at 4-6 with Doc. # 36 at 6-8.) Dr. Reed contends that, if he is "ousted from the Board after September 30," he will suffer irreparable harm, that harm being the inability "to perform the functions of the office to which he was appointed" and "being subjected to a violation of his

---

[4] The parties disagree as to the strength of the showing required to demonstrate Dr. Reed's prospect of success on the merits of the appeal. Dr. Reed contends that the court should apply the standard outlined in *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981). Under *Ruiz*, a court may grant a stay if the movant shows only a "likelihood of success on the merits." *Id.* at 565. The court need not resolve this disagreement because, even under *Ruiz*, the court finds that Dr. Reed has not made an adequate showing regarding the merits of his appeal.

constitutional right to Equal Protection." (Doc. # 34 at 5.) On the other hand, Dr. Reed argues that Defendants will not suffer any "cognizable" harm if the *status quo* is maintained because there is no evidence that Dr. Reed "is unsuited to continued service on the Board for the duration of the appeal." (*Id.*) As to Governor Riley in particular, Dr. Reed says that "the only thing remotely approaching a harm to him . . . is that he will have had to wait a few extra months before appointing someone to the Board," if Dr. Reed does not prevail on appeal. (*Id.* at 5-6.)

Contrary to Dr. Reed's position, the court finds that Dr. Reed has not shown that, if the court's judgment is left intact during the pendency of the appeal, there is a substantial risk that he will suffer irreparable injury. As an initial matter, as pointed out by Defendants, there is "no self-executing provision" in the court's judgment for Dr. Reed's "ouster." (Doc. # 36 at 6-7.) Dr. Reed's removal from the Board during the pendency of the appeal, thus, is not a foregone conclusion. If an ouster occurs during the pendency of the appeal and if Dr. Reed then prevails, Dr. Reed can be reinstated to his position on the Board, as acknowledged by Defendants. (*Id.* at 6.) Dr. Reed has not contested the availability of this relief. In the context of preliminary injunctions, the potential for reinstatement of employment has been found to weigh against a finding of irreparable injury. *See Roberts v. Van Buren Pub. Schs.*, 731 F.2d 523, 526 (8th Cir. 1984) (holding that teachers whose contracts were not renewed failed to show irreparable harm for purposes of obtaining a preliminary injunction because, if they prevailed on the merits of their 42 U.S.C. § 1983 action, they would be entitled to

5

reinstatement and backpay). Moreover, in the event a *quo warranto* action is commenced in state court to remove Dr. Reed from the Board, it is noteworthy that he is not foreclosed from seeking an injunction in those proceedings. (*See generally* Doc. # 27 at 16 & n.15, discussing *quo warranto* actions.)

Finally, on this record which lacks a demonstration by Dr. Reed on the first Rule 62(c) factor, the court finds that the harm which would result from an injunction barring enforcement of a state statute tips in favor of Defendants and the public, both of whom have an interest in noninterference by a federal court in a state's "legislative enactments" which "should be recognized and enforced by the courts as embodying the will of the people, unless they are plainly and palpably, beyond all question, in violation of the fundamental law of the Constitution." *Atkin v. Kansas*, 191 U.S. 207, 223 (1903). Overall, given Dr. Reed's failure to establish irreparable harm or a substantial likelihood that Alabama Code § 16-50-20(a) either is inapplicable to him by virtue of § 16-50-20(b)'s exemption clause or is unconstitutional, the court finds that denying Dr. Reed's motion for an injunction pending his appeal would be less likely to cause irreparable harm to Defendants and others than would granting it, and further, that denying Dr. Reed's motion is in the public interest.

In sum, having carefully considered issues of substantial likelihood of success on appeal, irreparable injury, balance of harms and public interest, the court finds that Dr. Reed has not met his heavy burden of demonstrating that Rule 62(c) relief is appropriate. Dr. Reed's motion, therefore, is due to be denied.

## III.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff Joe L. Reed's Motion for Injunction Pending Appeal (Doc. # 34) is DENIED.

Done this 25th day of August, 2008.

                                     /s/  W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE